UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 04-212 |
| DARRELL WHITE | SECTION: R |

### ORDER & REASONS

Before the Court is Darrell White's motion for recommendation of state incarceration time credit. For the following reasons, the Court denies the motion.

**I. Background**

On January 14, 2005, the government filed a superseding bill of information charging White with one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), and one count of possessing with the intent to distribute five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 2).[1] White pleaded guilty to the two count superseding bill of information.[2] On May 11, 2005, the Court sentenced White to 120 months as to Count 1 and 121 months as to Count 2 to run concurrently.[3] The term of imprisonment imposed

---

[1] R. Doc. 24.

[2] R. Doc. 25.

[3] R. Doc. 39; R. Doc. 36.

was to run consecutively to defendant's imprisonment under a pending parole revocation proceeding in Orleans Parish Criminal District Court.[4]

## II.  DISCUSSION

White moves for credit for the 443 days spent in state prison for which he asserts he has received no credit towards his federal sentence.  Section 3621(b) states that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment."  Title 18 U.S.C. § 3621(b).  The BOP, not the district court, determines if a prisoner is to receive credit towards his federal sentence for time spent in state custody. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992) (holding that a district court may not directly award credit against a federal sentence for time spent in official detention and that the Attorney General must compute the credit under 18 U.S.C. § 3585(b)); *United States v. Rorex*, 142 F. App'x 808, 808-09 (5th Cir. 2005) ("[T]he district court did not err by refusing to award [defendant] credit for time served in state confinement because the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences.").  Only after the defendant exhausts his

---

[4]  R. Doc. 39 at 4-5; R. Doc. 36 at 2.

administrative remedies will a court review a claim relating to the computation of a sentence.[5]  *See United States v. Burcham*, 91 F. App'x 820, 823 n.2 (4th Cir. 2004) ("Although the Attorney General, through the BOP, is responsible for awarding credit for time served, prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.") (internal quotation marks omitted); *United States v. Garbor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."). White has presented no evidence or argument, however, that he has exhausted his administrative remedies with the BOP before filing this motion.

Furthermore, in moving the Court to "recommend" state incarceration time credit, White essentially requests that the Court modify the previously imposed consecutive sentence and

---

[5]  The Court notes that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."). White is currently incarcerated in Oakdale, Louisiana.  Oakdale is located within the boundaries of the Western District of Louisiana.  Accordingly, if after exhausting his administrative remedies White seeks to file a section 2241 petition, the petition should be filed in the Western District of Louisiana.

impose a federal sentence concurrent with his state sentence. The Court expressly stated that White's sentence was to "run consecutively to the defendant's imprisonment under the pending parole revocation proceeding in Orleans Parish."[6]  A district court may modify a previously imposed sentence only in limited circumstances. *See United States v. Zabala-Molina*, 400 F. App'x 872 (5th Cir. 2010) (stating that district courts are authorized to modify previously imposed sentences only in limited circumstances as set forth in 18 U.S.C. § 3582(c)).  Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three circumstances: (1) "[u]pon motion of the Director of the Bureau of Prisons, [a court] may reduce the term of imprisonment ... if it finds" special circumstances exist; (2) a court may modify a sentence if such modification is "otherwise expressly permitted by the statute or by Rule 35 of the Federal Rules of Criminal Procedure;" and (3) a court may modify a sentence if "a sentencing range ... has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).  White has presented no evidence or argument that any of these circumstances

---

[6]  R. Doc. 39 at 4-5; R. Doc. 36 at 2.  Additionally, at defendant's sentencing hearing the Court stated that the imposed sentence "adequately reflects the seriousness of defendant's conduct, his criminal history, the amount of drugs attributed to him, his acceptance of responsibility, *and the consecutive nature of this sentence*." R. Doc. 39 at 5.

4

are present.  Accordingly, the Court may not modify White's sentence.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES White's motion.

New Orleans, Louisiana, this __24th__ day of June, 2011.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE